IN UNITED STATES THE DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER HOBBS and CHERI HOBBS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 15-cv-00285-JHP ) |
| UNITED HOME INSURANCE COMPANY, an Arkansas corporation, and ASHLEY & SWENSON, INC., an Oklahoma corporation, and HINSON INSURANCE AGENCY, INC., an Oklahoma corporation, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant United Home Insurance Company, ("United Home"), with a full reservation of its rights, defenses, exceptions, objections, and claims and without waiver thereof, hereby removes to this Court the state-court action styled *Christopher and Cheri Hobbs v. United Home Insurance Company et.al.*, No. CJ-2015-86, from the District Court of Seminole County, Oklahoma. The basis of this removal is that the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. §1332, and that, due to the fraudulent joinder of non-diverse defendants, complete diversity exists between all proper parties. In further support, United Home submits the following:

## THE REMOVED CASE

1.  The removed case is a civil insurance action filed on July 6, 2015, in the District Court of Seminole County, Oklahoma. (Petition, attached as Exhibit 1). Defendant United Home was served on July 15, 2015, by delivery of a copy of Summons and Petition to United Home via certified mail. (Receipt signed July 14, 2015, attached as Exhibit 2).

## PAPERS FROM REMOVED ACTION

2.  As required by 28 U.S.C. § 1446(a) and LCvR81.2, attached are copies of all process, pleadings, and orders filed or served in the District Court of Seminole County, Oklahoma. (Exhibits 1, 2, and 3 through 11). No other pleadings or papers have been served. Pursuant to LCvR81.2, United Home has attached as Exhibit 12 a copy of the Docket Sheet for this matter from the District Court of Seminole County, Oklahoma.

## CONSENT TO REMOVAL

3.  The defendants in this matter are United Home Insurance Company, Inc., an Arkansas corporation, Ashley & Swenson, Inc., ("Ashley"), and Hinson Insurance Agency, Inc., ("Hinson"), both Oklahoma corporations (Ex. 1). However, United Home contends those parties were fraudulently joined as defendants to defeat diversity jurisdiction, as will be discussed more fully hereinbelow. Regardless, both consent to this removal (Exhibits 13 and 14).

## GROUNDS FOR REMOVAL

4.  A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a) and (b). This Court has diversity jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332.

5.  Plaintiffs are citizens of Oklahoma and all the actions subject to suit took place in Seminole County, Oklahoma. The insured property which is the subject of this lawsuit is located in Seminole County, Oklahoma. (Ex. 1, ¶3, 8 and 9).

6.  United Home is an Arkansas corporation with its principal place of business in Paragould, Arkansas. Thus, United Home is a citizen of the state of Arkansas. 28 U.S.C. § 1332(c)(1).

7.  While the two additional defendants, Ashley and Hinson are Oklahoma corporations, they are not "citizens of different States" as to plaintiff. However, neither are proper parties to this case and are properly dismissed upon motions soon to be filed. Upon that dismissal, the only parties to the case will be "citizens of different States." 28 U.S.C. § 1332(a)(1).

8.  Furthermore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9.  If a complaint does not limit its request for damages to a precise amount, it is proper for the District Court to make an independent appraisal of the value of the plaintiff's claims. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333,

347 (1977); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993); *Maxon v. Texaco Refining & Marketing Inc.,* 905 F. Supp 976, 978-79 (N.D. Okla. 1995). The amount in controversy requirement is met if, among other things, "it is apparent from the face of the petition that the claims are likely to exceed $75,000.00." *Manguno*, 276 F.3d at 723. The amount in controversy is satisfied unless "it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor . . . ." *McPhail v. Deere & Co.,* 529 F.2d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). Demands for punitive damages may be included in determining the amount in controversy. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151-52 (3rd Cir. 2009). A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 190 L. Ed. 2d 495, 2014 U.S. LEXIS 8435 (U.S. 2014).

10. In this case, Plaintiffs' claims exceed the jurisdictional minimum of $75,000.00. In the Petition, Plaintiffs allege that they suffered "incredible" water and hail damage due to storm related conditions. (Ex. 1, ¶12-13). Plaintiffs claim that United Home breached the terms of the insurance policy by failing to pay "all benefits owed" under the policy. (Ex. 1¶16). Plaintiffs also claim breach of contract, (Ex. 1 ¶¶33-36); numerous violations of the Oklahoma Consumer Protection Act, 15 O.S. §§ 751, et. seq., (Ex. 1 ¶¶38-48); breach of good faith and fair dealing in regard to the Oklahoma Unfair

-4-

Claims Settlement Practices Act, 36 O.S. §§1250.1 et. seq., (Ex. 1 ¶¶50-57); breach of fiduciary duty, (Ex. 1 ¶59); misrepresentations, (Ex. 1 ¶¶61-64); and, waiver and estoppel. (Ex. 1 ¶66). Plaintiffs seek actual and punitive damages in an amount in excess of $75,000.00, plus interest, costs and attorneys fees. (Ex. 1 ¶¶67-71).

11.   Because this action ought to eventually be between citizens of different states and the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Thus, United Home may properly remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441.

12.   Pursuant to 28 U.S.C. § 1441(a), the state court action is pending within the judicial district of this Court.

13.   No previous Notice of Removal has been filed in or made to this Court.

14.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties. Written notice of the filing of this Notice of Removal will be given to Plaintiffs through their counsel.

15.   Also pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, along with a true and correct copy of this Notice of Removal, is being filed with the Court Clerk of the District Court of Seminole County, Oklahoma.

16.   There are no hearings scheduling in the District Court of Seminole County on and there are no pending deadlines save the Removal and Answer deadlines.

17.   United Home reserves the right to amend or supplement this Notice of Removal and submit evidence supporting it in the event plaintiffs move to remand.

18. With regard to the issue of improper or fraudulent joinder, United Home submits the following argument and authorities.

## APPLICABLE STANDARD

Any defendant who has been fraudulently joined must be ignored for diversity purposes. *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). Despite the nomenclature, fraudulent joinder "does not reflect on the integrity of the plaintiff or counsel, but exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Wolf Creek Nuclear Operating Corp., v. Framatome ANP, Inc.*, 416 F.Supp.2d 1081,1085 (D.Kan. 2006). The reason for this doctrine is that a plaintiff who joins a non-diverse defendant with the sole purpose of defeating removal is acting unfairly toward the non-diverse defendant, who should not be a party, and to the diverse defendant, whose statutory right is unjustly prohibited. *Wilson v. Republic Iron & Steel*, 257 U.S. 92, 98, 42 S. Ct. 35, 37-38, 66 L. Ed. 144 (1921).

As the removing party, a defendant bears the burden of establishing that jurisdiction is proper. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Assuming that the requisite amount in controversy can be satisfied, a removing defendant does not have to show that the plaintiff committed outright "fraud" in pleading the jurisdictional facts. Rather, the removing defendant can simply show that there is no real possibility of recovery against the non-diverse defendant. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 & n. 3 (5th. Cir. 1992)

In *Slover v. The Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272 (N.D.Okla. 2006), the court discussed the protocol for situations in which a defendant believes that non-diverse co-defendants have been improperly joined:

> Because Defendants have alleged fraudulent joinder, the Court may pierce the pleadings. *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F.Supp.2d 1108, 1113 (D.Colo. 2000). Thus, the Court may consider certain underlying facts–such as the insurance policy at issue here–to determine whether the non-diverse parties are proper. *Smoot v. Chi. Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir. 1967)("[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.")(Internal citations omitted). The standard, however, is stringent, and the Court must resolve any ambiguities in Plaintiffs' favor. *Martin*, 251 F.3d at 1289-90("[R]emoval statutes are construe narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.")(quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092,1095 (11th Cir. 1994)).

*Id.* at 1276. The Northern District of Oklahoma went on to say:

> "If outright fraud in the pleadings of jurisdictional facts cannot be proven, the question becomes more closely akin to that of whether the plaintiff has properly stated a claim upon which relief may be granted under Fed.R.Civ.P. 12 (b)(6). *See Frontier Airlines, Inc., v. United Air Lines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989); *Fine v. Braniff Airways, Inc.*, 302 F.Supp. 496, 497 (W.D.Okla. 1969).

*Id.* at 1278-1279 (emphasis added). The *Slover* court concluded by making the succinct but meaningful observation that, "if the plaintiff clearly cannot maintain a state law claim against the non-diverse defendant . . . such defendant shall be considered fraudulently joined." *Id.*

## SUMMARY OF ARGUMENT

In the present case, United Home submits that the precise issue here – i.e., whether an insured can state a valid cause of action against an independent adjuster hired by an insurer to investigate a loss, whether anyone other than the insurer (i.e., the party to the insurance contract) owes an insured a duty of good faith, and whether an insured can state a valid cause of action against an independent adjuster or insurance agent have all been addressed by various courts in this jurisdiction, and the questions have all been answered in the negative. That is, no valid cause of action exists by an insured against an independent adjuster who adjusts the insured's loss on behalf of an insurer (whether couched in terms of negligence or bad faith). Likewise, the Western District has also recently determined that vague allegations regarding securing coverage, no matter how a plaintiff might attempt to disguise or dress-up the allegations, will not support any theory of recovery against an insurance agent.

### PROPOSITION I: PLAINTIFF FAILS TO STATE A VALID CAUSE OF ACTION AGAINST INDEPENDENT ADJUSTER ASHLEY & SWENSON, INC.

Plaintiffs allege that Ashley "had a duty to inspect and conduct a complete and thorough investigation, free from a result-oriented outcome to the plaintiff's detriment," that plaintiffs had a "good faith expectation their insurance claims would be adjusted properly," and that plaintiffs have suffered harm as a result of Ashley's "intentional and egregious acts in investigating Plaintiffs' claim." (Ex. 1¶28). Plaintiffs further claim that Ashley colluded with United Home to determine that the claims would not be paid, and

because of this collusion, the claim was subject to an improper result-oriented investigation which was "directly in opposition to the rights conferred under the policy with United." (Ex. 1¶31). Plaintiffs separately assert causes of action for breach of contract, violation of the Oklahoma Consumer Protection Act, breach of good faith and fair dealing, breach of fiduciary duty, misrepresentation, and waiver and estoppel, but plaintiffs do not direct those allegations to Ashley. Plaintiff does not claim that it had any contractual relationship with Ashley. Likewise, plaintiffs do not allege that Ashley acted as an insurer in such a way to create a special relationship with plaintiffs. No other allegations are made as to Ashley outside of paragraphs 28 and 31. Plaintiffs essentially allege only negligence against Ashley for improperly investigating their claims.

The Oklahoma Supreme Court recently recognized that no such cause of action exists and fully discussed Oklahoma law on the issue in so doing. In *Trinity Baptist Church v. Brotherhood Mutual Insurance Services, LLC*, 2014 OK 106, 341 P3d 75, the Court held that independent adjusters hired by an insurer cannot be liable to an insured for bad faith or negligence in regard to their handling / investigation of the claim of that insured, and owe no duty at all to an insured regarding adjustment of claims. In so ruling, the Court expressly overruled earlier Oklahoma authority to the contrary. In *Trinity*, plaintiff had sued its insurer and the independent adjuster retained to adjust plaintiff's claim. The court was called upon to address 1) whether a special relationship existed between an insured entity and an independent adjuster hired by the insurer sufficient to subject the independent adjuster to the implied covenant of good faith and fair dealing

arising under the insurance contract; and 2) whether an independent insurance adjuster owes a legal duty to the insured such that it may be liable to the insured for negligence in its adjustment of the claim. To answer those question, the court focused on the existence of a contract between the insured and the adjuster; whether the adjuster acted sufficiently like an insurer to create a duty of good faith; and, whether an independent adjuster owed any duty at all to an insured.

In finding no liability on the part of the independent adjuster, the court found that there was no contract between the adjuster and the insured and that the adjuster had not acted sufficiently like an insurer to create a cause of action for bad faith. *Id.* at ¶10. While it does not appear from the petition that plaintiffs allege Ashley breached a duty of good faith and fair dealing, no such duty exists in that there was no contract between plaintiffs and Ashley, nor was there a special relationship between them to create such a duty. *Id.* at ¶19. It is important to note that plaintiffs have not alleged any such relationship in this case, and simply claim that Ashley was assigned to investigate their claim and nothing else.

The court continued with its analysis as to the existence of any extra-contractual duty which might be owed by an independent adjuster. In finding no duty of care to exist between the insured and the independent adjuster, the court noted that the insured has recourse for the failures of an adjuster due to the vicariously liability of the insurer for those actions. *Id.* at ¶29. Moreover, to find such a duty thereby allowing suit against an independent adjuster would be to allow the potential for double recovery. *Id.* at ¶31.

Accordingly, the court found there is no duty of care owed by an independent adjuster to an insured. *Id.* at ¶34. As a result, plaintiffs cannot state a claim as to Ashley upon which relief can be granted in that no recovery can be had from Ashley, making clear that Ashley was improperly and fraudulently joined and any Motion to Remand should be denied.

### PROPOSITION II: PLAINTIFFS FAIL TO STATE A VALID CAUSE OF ACTION AGAINST INDEPENDENT AGENT HINSON INSURANCE AGENCY, INC.

In *Smith v. Allstate Vehicle & Property Insurance Company*, 2014 WL 1382488 (W.D.Okla. April 8, 2014)(copy attached as Exhibit 15), the insured, Smith sued both Allstate and the insurance agent, Muse, in state court. The plaintiffs made several serious-sounding allegations, such as:

> The insurance they requested "was not procured as promised and plaintiffs suffered a loss"

> The agent represented that the replacement cost policy they purchased would "serve to replace their home and personal property without any deduction for depreciation, knowing that was not true."

> The agent "failed to advise them that they had to partially pay to replace property before they could actually recover the replacement costs benefits."

> The agent procured a policy that "did not serve to return their home and personal property to its pre-loss condition" and "did not accurately reflect the replacement cost of plaintiffs' dwelling."

> The agent "had a duty to accurately inform plaintiffs of all coverages, benefits, limitations, risks, and exclusions."

> The agent "had a duty to monitor and review the policy procured for plaintiffs to ensure it provided appropriate and adequate coverage."

*Id.* at *2.

Judge Heaton in the Western District concluded that "none of these allegations suffice to state a valid claim against Defendant Muse," regardless of whether couched in terms of negligent procurement, negligent misrepresentation, or breach of fiduciary duty. In making his determination, Judge Heaton provided a very thorough discussion of the applicable Oklahoma law which defines the very narrow duty of care an insurance agent owes a customer. *Id.*

Citing *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla.Civ.App. 1999), Judge Heaton reasoned that an agent has a duty to use reasonable care and diligence in the procurement of insurance and that an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss. *Id.* Judge Heaton also pointed out that no subsequent court has expanded the *Swickey* rationale, and that subsequent Oklahoma decisions have explicitly determined that there is no duty upon an agent or insurer to advise an insured/customer as to coverage needs, and that a vague request for "adequate" coverage does not somehow broaden the duty of care. *Smith* at *2, quoting *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla.Civ.App. 2013), and *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla.Civ.App. 2004).

In *Smith*, the plaintiffs also alleged that the insurance procured did "not accurately reflect the replacement cost" of the subject property. Judge Heaton noted, however, that Oklahoma courts "have explicitly refused to impose a duty upon an insurer to provide an adequate amount of coverage when the insured did not request a specific amount of

coverage." *Id., quoting Cosper,* 309 P.2d at 149. Judge Heaton concluded that, "because plaintiffs acknowledge that coverage was obtained and do not allege that the amount of coverage was not what they had requested, their attempts to hold Muse accountable under Oklahoma law for misconduct in conjunction with the procurement of their policy fails." *Id.*

In this case, plaintiffs make similar vague allegations as in *Smith*, namely, that they had a good faith belief Hinson had procured adequate coverage, but nowhere do plaintiffs allege how that coverage was inadequate, and they certainly make no allegations that the amount of coverage procured was not what they had requested. In fact, while failing to claim inadequate coverage as required by *Smith*, plaintiffs make the contradictory allegation that United Home failed to provide the coverage for which they had previously contracted. (Ex. 1 ¶24). If the various and sundry allegations by the insured in the *Smith v. Allstate* case did not pass muster in the Western District, United Home submits that neither should the same allegations pass muster here.[1]

---

[1] It interesting that different insureds would make the same allegations against different insurers under different sets of facts, different adjusters, and different insurance policies, but it is beyond coincidence that the same exact boilerplate language in this Petition has been filed in the following recent cases by the same law firm against the same agent:

1. *Plumlee v. Markel American Insurance Company, et. al.*; CJ-2015-22, Seminole County;
2. *Plumlee v. North Star Mutual Insurance Company*; *et. al.*, CJ-2015-87, Seminole County;
3. *Plumlee v. Markel American Insurance Company; et. al.*, CJ-2015-90, Seminole County;
4. *Plumlee v. Progressive Insurance Company; et. al.*, CJ-2015-91, Seminole County; and,
5. *Stone v. MDOW Insurance Company, et. al.*, CJ-2015-121, Lincoln County.

Surely it is not the case that in all of these disputes that the same agent as is before the court in this case was negligent in procuring insurance in 5 other cases filed by the same attorney.

Plaintiffs also complain that Hinson failed to explain the existence of certain exclusions present in their policy and that Hinson made intentional or negligent misrepresentations to them regarding their insurance policy and exclusions contained within. Judge Heaton was faced with a similar allegation in *Smith* regarding explanations by the agent and a duty to make any explanations to an insured, and noted that "while plaintiffs assert Muse had a duty to explain the process for receiving replacement cost benefits, they cite no Oklahoma authority imposing such a duty on an insurance [agent] and the court is aware of none." *Id*. at *3. Judge Heaton went on to observe as follows:

> ***Courts routinely reject insureds' attempts to hold their insurance agent or insurance company liable for failing to explain the terms of coverage***. E.g., *Bell v. Allstate Ins. Co.*, 2005 WL 1353527, *9 (E.D.Pa. May 31, 2005)(insurer was not vicariously liable for agent's alleged negligent failure to explain "that the Policy would only provide coverage if he resided at the Property at the time of any loss," because agent "did not have a duty to counsel [the insured] about the collateral consequences of his homeowner's policy coverage"); see generally *Silver v. Slusher*, 770 P.2d 878, 883 (Okla.1989)("As offeror, Farmers had no contractual duty to voluntarily explain the terms of its offer of the advantages and disadvantages to procuring coverage.") ***Although an agent may be held accountable for failing to answer an insured's coverage questions accurately, he or she generally is not obligated to explain the policy terms to the insured.*** Rather, under Oklahoma law "[i]t is the duty of the insured to read and know the contents of the policy before he accepts it, and where he fails or neglects to do so he is estopped from denying knowledge of its terms and conditions, unless he alleges and proves that he was induced not to read the policy by trick or fraud of the other party." *National Fire Ins. Co. of Hartford v. McCoy*, 239 P.2d 428, 430 (Okla.1951)(internal quotations omitted).

*Id*. (emphasis added). Judge Heaton concluded that "Muse did not breach a duty owed to plaintiffs when he did not explain the benefits payment process to them." *Id*.

Similarly, in *Slover v. Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272 (N.D.Okla. 2006), Judge Payne evaluated whether certain resident insurance agents had been improperly joined to defeat diversity. In rendering his decision, Judge Payne first recognized that, with regard to claims of negligent misrepresentation by an agent, "oral discussions in pre-contract negotiations are merged into, and are superceded by, the terms of an executed writing." *Id.* at 1281. Judge Payne also pointed out that an insured cannot turn a blind eye to the terms of an insurance policy because, in Oklahoma, insureds have a duty to examine, read, and known the contents of the policy before accepting and paying the premium for that policy. *Id.* at 1283. The court stated that, having failed or neglected to do so, insureds are estopped from denying knowledge of the terms or conditions of the policy. *Id.*, citing *Liverpool and L&G Ins. Co. v. T.M. Richardson Lumber Co.*, 69 P. 936, 937 (Okla. 1902). While the wording of the allegations in *Smith* and *Slover* as to the conduct of the agent may differ from those pled in this case, the substance of the allegations are the same and make clear that Hinson was named as a defendant solely in an effort to fraudulently avoid removal.[2] See also *Dixon v. XTO Energy*, 2013 U.S. Dist. LEXIS 151957, 2013 WL 5755326 (E.D. Okla. Oct. 23, 2013)(joinder was fraudulent when there is no cause of action provided by state law); *Ward v. Toyota Motor Ins. Servs.*,

---

[2]Plaintiffs' intent to avoid federal court at all costs is further highlighted by *Withrow v. State Farm Fire & Casualty*, CJ-2015-89, Seminole County, filed by the same attorney. Unlike those cases listed in Note 1, there is only one defendant, no non-diverse parties were added, and curiously the amount in controversy is pled as being less than the $75,000.00, presumably in another effort to avoid diversity jurisdiction.

2012 U.S. Dist. LEXIS 47105 (E.D. Okla. Apr. 2, 2012)(if no reasonable basis exists as a matter of law for the claims asserted, joinder of a non-diverse party is inappropriate).

WHEREFORE, Defendant United Home Insurance Company submits that this matter should be removed to, and remain in, the United States District Court for the Eastern District of Oklahoma, and that Defendants Ashley & Swenson, Inc., and Hinson Insurance Agency, Inc., be dismissed.

*Jason T. Rogers*
Larry D. Ottaway, OBA No. 6816
Michael T. Maloan, OBA No. 15097
Jason T. Rogers, OBA No. 18454
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, OK  73102
Telephone:  (405) 232-4633
Facsimile:  (405) 232-3462
Email:  larryottaway@oklahomacounsel.com
Email:  michaelmaloan@oklahomacounsel.com
Email:  jasonrogers@oklahomacounsel.com

ATTORNEYS FOR DEFENDANT
UNITED HOME INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I certify that on this 31st day of July, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mr. Ben Baker, OBA #21475
109 North Second Street
Purcell, OK 73080
Telephone: (405) 527-8001
Facsimile: (405) 527-1539
    Attorney for Plaintiff

Mr. R. Thomas Cooper, OBA #15746
Pignato, Cooper, Kolker & Roberson, P.C.
Robinson Renaissance Building
119 North Robinson, 11th Floor
Oklahoma City, OK 73102
Telephone:   (405) 606-3333
Facsimile:   (405) 606-3334
Email: tom@pclaw.org
    Attorney for Defendant
    Hinson Insurance Agency, Inc.

                                      *Jason T. Rogers*