SEMINOLE COUNTY, OKLAHOMA
**FILED**
IN DISTRICT COURT
JUL 0 6 2015
KIM A. DAVIS, COURT CLERK
BY_____ DEPUTY

IN THE DISTRICT COURT OF SEMINOLE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER HOBBS AND CHERI HOBBS<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED HOME INSURANCE COMPANY, an Arkansas corporation, and ASHLEY & SWENSON, INC., an Oklahoma corporation, and HINSON INSURANCE AGENCY, INC., an Oklahoma corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.: CJ-2015-_86_ |

## PETITION

COMES NOW **Christopher & Cheri Hobbs** (hereinafter "Plaintiffs") and for their causes of action herein against the Defendants named above and complain of United Home Insurance Company (hereinafter "United"), Ashley & Swenson, Inc. (hereinafter "Ashley & Swenson") and Hinson Insurance Agency, Inc. (hereinafter "Hinson"). In support of their claims and causes of action, Plaintiffs would respectfully show the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiffs invoke the State Court's jurisdiction with respect to claims based upon the common law and statutory law of Oklahoma.

2. Their action seeks equitable and injunctive relief, compensatory and punitive damages in excess of $75,000.00, plus attorney fees and costs for the acts committed by the above named Defendants.

3. All actions about which the Plaintiffs complain occurred in the County of Seminole, State of Oklahoma, and therefore venue is proper.

EXHIBIT 1

4. That the Plaintiffs were at all times hereinafter mentioned, and are now residents of the State of Oklahoma.

5. That the Defendant, United, is an Arkansas corporation and was, at all times hereinafter mentioned, and is now duly organized, existing and authorized to conduct business in Oklahoma.

6. That the Defendant, Ashley & Swenson, is an Oklahoma corporation and was at all times hereinafter mentioned, and is now duly organized, existing and authorized to conduct business in the state of Oklahoma.

7. That the Defendant, Hinson, is an Oklahoma corporation and was at all times hereinafter mentioned, and is now duly organized, existing and authorized to conduct business in the state of Oklahoma.

## BACKGROUND

8. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiffs' Property, which is located at 1341 Neighborhood Place Seminole, Oklahoma 74868, (the "Property"). In addition to seeking economic and punitive damages from United, Plaintiffs also seek compensation from United for damages caused by improperly investigating the extensive losses associated with their case.

9. Plaintiffs own the Property.

10. Prior to the occurrence in question, Plaintiffs purchased an insurance policy from United based on recommendations and advise from Hinson. The policy was purchased to cover the Property at issue in this case for losses due to storm-related events.

11. Plaintiffs' Property suffered storm-related damage. Through their residential policy, Policy number UHP-13-40422651-00, Plaintiffs were objectively insured for the subject losses by United.

EXHIBIT 1

12. On or around September 15, 2014, the Property suffered incredible water damage due to storm related conditions, Claim No. UH-OK-14-107273.

13. On or around October 10, 2014, the Property suffered incredible hail damage due to storm related conditions, Claim No. UH-OK-14-108111.

14. Pursuant to their obligation as a policyholder, Plaintiffs made complete payment of all residential insurance premiums in a timely fashion. Moreover, their residential policy covered Plaintiffs during the time period in question and was in full force and effect at the time of each loss.

15. Ashley & Swenson, acting as an independent adjuster, conducted an evaluation and prepared a report of the subject property with a predisposed results oriented outcome to denying the claim.

16. Despite Plaintiffs' efforts, United continually failed and refused to pay Plaintiffs in accordance with its promises under the Policy.

17. Moreover, United has failed to make any reasonable attempt to settle Plaintiffs' claims in a fair or timely manner, although its liability to the Plaintiffs under the policy is without dispute.

18. In the months following, Plaintiffs provided information to United, as well as, provided opportunities for United to inspect the Property. However, United failed to conduct a fair investigation into the damages to the Property. Moreover, United failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claims, failed to timely evaluate the claims, failed to timely estimate the claims, and failed to timely and properly report and make recommendations in regard to Plaintiffs' claims.

19. Despite United's improprieties, Plaintiffs continued to provide information regarding the losses and the related claims to United. Further, Plaintiffs made inquiries regarding the status

of the losses, and payments. Regardless, United failed and refused to respond to the inquiries, and failed to properly adjust the claims and the losses. As a result, to this date, Plaintiffs have not received proper payment for their claims, even though notification was provided.

20. United has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. United has furthermore failed to offer Plaintiffs adequate compensation without any explanation why full payment was not being made. United did not communicate any future settlements or payments would be forthcoming to pay the entire loss of each claim covered under the policy.

21. United has further failed to affirm or deny coverage within a reasonable time. Plaintiffs also did not receive timely indication of acceptance or rejection regarding their full and entire claims in writing from United in a timely manner.

22. United has, to date, refused to fully compensate Plaintiffs under the terms of the policy, for which Plaintiffs timely paid, even though it was United that failed to conduct a reasonable investigation. Ultimately, United and Ashley & Swenson performed a results-oriented investigation of Plaintiffs' claims that resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses.

23. United has failed to meet its obligations under the Oklahoma Fair Claims Protection Act, 36 O.S. § 1250.7, regarding timely acknowledging Plaintiffs' claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the time period mandated by statute.

24. As a result of the above issues, Plaintiffs did not receive the coverage for which they had originally contracted with United. Unfortunately, Plaintiffs have now been forced to hire an attorney in order to file their suit to recover damages arising from the above conduct, as well as, overall from United's unfair refusal to pay insurance benefits.

EXHIBIT 1

25. In addition, Hinson failed to recommend the proper coverage and/or United failed to place adequate and proper coverage for Plaintiffs causing Plaintiffs to suffer further damages. As indicated below, Plaintiffs seek relief under Oklahoma common law, the Oklahoma Consumer Protection Act ("OCPA"), the Oklahoma Insurance Code and the Oklahoma Administrative Code.

## CLAIMS AGAINST DEFENDANTS

26. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

27. United has and owes a legal duty to Plaintiffs to properly adjust the structural and property damage and other insurance losses associated with the Property. United breached its duty in a number of ways, including, but not limited to, the following:

    a. United is to exercise due care in adjusting and paying policy proceeds regarding Plaintiffs' Property losses;

    b. United has a duty to competently and completely handle and pay all damages associated with Plaintiffs' Property; and/or

    c. United failed to properly complete all adjusting activities associated with Plaintiffs claims.

28. Ashley & Swenson had a duty and responsibility to inspect and conduct a complete and thorough investigation, free from a result-oriented outcome to the Plaintiffs' detriment. Plaintiffs had a good faith expectation their insurance claims would be adjusted properly and free from bias and predisposed results, by an independent adjuster. Plaintiffs have suffered direct harm as a result of Ashley & Swenson's intentional and egregious acts in investigating Plaintiffs claim.

29. Hinson is a licensed insurance agency within the state of Oklahoma and via this license possesses, or, should possess, a superior knowledge of the industry, coverages, companies and adjustment process, in order to adequately and properly insure and protect Plaintiffs' interest.

EXHIBIT 1

Plaintiffs had a good faith belief after Hinson took their pertinent information, recommended the policy, selected the policy and enrolled them in the policy, that they had adequate coverage for the insured Property and its possible loss.

30. In fact, Hinson failed to evaluate, recommend, and select the proper coverage for Plaintiffs, in the event Plaintiffs should suffer a loss. Plaintiffs therefore relied on Hinson's representations, as experts in the field of insurance, to their detriment causing Plaintiffs direct harm.

31. Ashley & Swenson colluded with United to determine the claim would not be paid prior to Ashley & Swenson conducting its inspection and investigation of the Property. Ashley & Swenson, in concert and conjunction with United, conducted a result-oriented investigation, generated a result-oriented report resulting in denial of Plaintiff's claims. These actions, are directly in opposition to the rights conferred under the policy with United, to protect the interest of the insured over their own. Such investigations and actions, should be conducted to ensure coverage for a covered loss and not to deny coverage. The actions therefore, of Ashley & Swenson and United, both in their inspection and result-oriented finding, have caused harm to the Plaintiff.

32. United, Ashley & Swenson and Hinson's acts, omissions, and/or breaches did great damage to Plaintiffs, and were a direct and/or proximate cause of Plaintiffs' damages.

## BREACH OF CONTRACT

33. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

34. According to the policy that Plaintiffs purchased, United had the absolute duty to investigate Plaintiffs' damages, and to pay Plaintiffs' policy benefits for the claims made due to the extensive storm-related damages.

EXHIBIT 1

35. As a result of the storm-related events, Plaintiffs' Property suffered extreme external and/or internal damages.

36. Despite objective evidence of such damages, United has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiffs benefits relating to the cost to properly repair Plaintiffs' Property, as well as, for related losses. As a result of its breach, Plaintiffs have suffered actual and consequential damages.

## VIOLATIONS OF THE OKLAHOMA CONSUMER PROTECTION ACT

37. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

38. United's collective actions constitute violations of the OCPA, including, but not limited to, 15 O.S. §§ 753 and 761.1(c). United collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

   a. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   b. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

   c. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

   d. Using or employing an act or practice in violation of the Oklahoma Insurance Code;

   e. Unreasonably delaying the investigation, adjustment and resolution of Plaintiffs' claims;

   f. Failure to properly investigate Plaintiffs' claims; and/or

   g. Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist United in low-balling and/or denying Plaintiffs' damage claims.

EXHIBIT 1

39. As alleged by Plaintiffs in their Petition, United represented to Plaintiffs its insurance policy and United's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiffs the right to recover under 15 O.S. §§ 753 and 761.1(c) of the OCPA.

40. As Plaintiffs described in their Petition, United represented to Plaintiffs that its insurance policy and United's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of 15 O.S. §§ 753 and 761.1(c) of the OCPA.

41. By representing that United would pay the entire amount needed by Plaintiffs, to repair the damages caused by the storm-related events and then not doing so, United has violated 15 O.S. §§ 753 and 761.1(c) of the OCPA.

42. United has breached an express warranty that the damages caused by the storm-related events would be covered under the subject insurance policy. This breach entitles Plaintiffs to recover under 15 O.S. §§ 753 and 761.1(c) of the OCPA.

43. United's actions, as described herein, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. United's unconscionable conduct gives Plaintiffs the right to relief under 15 O.S. § 761.1(c) of the OCPA.

44. United's conduct, acts, omissions, and failures, as described by Plaintiffs in their Petition, are unfair practices in the business of insurance in violation of 15 O.S. § 753 of the OCPA and Title 36 of the Oklahoma Insurance Code.

45. As alleged by Plaintiffs in their Petition, Hinson represented to Plaintiffs it possessed knowledge and superior understanding of the insurance industry, policies, required and preferred coverages and was uniquely positioned to best meet Plaintiffs' insurance needs,

EXHIBIT 1

when, in fact, it did not possess those characteristics or benefits, which gives the Plaintiffs the right to recover under 15 O.S. §§ 753 and 761.1(c) of the OCPA.

46. Plaintiffs are consumers, as defined under the OCPA, and relied upon these false, misleading, or deceptive acts or practices made by United and Hinson to their detriment. As a direct and proximate result of United and Hinson's collective acts and conduct, Plaintiffs have been damaged in an amount in excess of $75,000.00. All of the above-described acts, omissions, and failures of United and Hinson are a producing cause of Plaintiffs' damages that are described in this Petition.

47. Because United and Hinson's collective actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional punitive damages, in an amount in excess of $75,000.00 for United and Hinson having knowingly committed such conduct.

48. As a result of United and Hinson's unconscionable, misleading, and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorney to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorney fees as permitted under Oklahoma Statutes, 12 O.S. § 936 and the Oklahoma Consumer Protection Act, 15 O.S. § 761.1(c), as well as, any other such damages to which Plaintiffs may be entitled at law and in equity.

## BREACH OF GOOD FAITH AND FAIR DEALING

49. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

50. United's actions constitute violations of the Oklahoma Unfair Claims Settlement Practices Act (the "Act"), 36 O.S. §§ 1250.1 - 1250.6. Specifically, United engaged in unfair or

deceptive acts or practices that include, but are not limited to, the following violations of 36 O.S. § 1250.5:

1. Failing to fully disclose to first party claimants, benefits, coverages, or other provisions of any insurance policy or insurance contract when the benefits, coverages or other provisions are pertinent to a claim;

2. Knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue;

3. Failing to adopt and implement reasonable standards for prompt investigations of claims arising under its insurance policies or insurance contracts;

4. Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

6. Denying a claim for failure to exhibit the property without proof of demand and unfounded refusal by a claimant to do so;

7. Except where there is a time limit specified in the policy, making statements, written or otherwise, which require a claimant to give written notice of loss or proof of loss within a specified time limit and which seek to relieve the company of its obligations if the time limit is not complied with unless the failure to comply with the time limit prejudices the rights of an insurer;

8. Requesting a claimant to sign a release that extends beyond the subject matter that gave rise to the claim payment; and

13. Compelling, without just cause, policyholders to institute suits to recover amounts due under its insurance policies or insurance contracts by offering substantially less than the amounts ultimately recovered in suits brought by them, when the policyholders have made claims for amounts reasonably similar to the amounts ultimately recovered.

51. Plaintiffs are the insured or beneficiary of valid claims. Plaintiffs relied upon the unauthorized, unfair and deceptive acts and practices of United, to their detriment.

52. Plaintiffs recognize a private cause of action does not exist under the Oklahoma Unfair Claims Settlement Practices Act, however; United's violations of the Act are evidence of its intentional bad faith acts against Plaintiffs.

10

EXHIBIT 1

53. In *Christian v. American Home Assur. Co.*, 577 P.2d 899, 1977 Okla. 141 (1977), the Supreme Court of Oklahoma first held an insurer has an implied duty to deal fairly and act in good faith with its insured. *Christian's* prodigy has continued to affirm an insurer's duty; including that of United to deal fairly and act in good faith with its insureds, the Plaintiffs.

54. By its intentional acts, omissions, failures and conduct, United has breached its duty of good faith and fair dealing by denying Plaintiffs' claims or inadequately adjusting and making an offer on Plaintiffs' claims without any reasonable basis, by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for their denial and by failing to consider the needs of its insureds equal to its own needs.

55. United has also breached its duty by unreasonably delaying payment of Plaintiffs' entire claims and by failing to settle Plaintiffs' claims, as United knew, or, should have known, that it was reasonably clear that Plaintiffs' storm-related claims were covered. These acts, omissions, failures, and conduct by United are a proximate cause of Plaintiffs' damages.

56. United is also guilty of the following unfair insurance practices:

    a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b. Engaging in unfair claims settlement practices;

    c. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

    d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which United's liability had become reasonably clear;

    e. Failing to affirm or deny coverage of Plaintiffs' claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiffs;

    f. Refusing to pay Plaintiffs' claims without conducting a reasonable investigation with respect to the claims; and/or

EXHIBIT 1

g.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57. United's reckless disregard and violation of its duty of good faith and fair dealing is the direct cause of injury to the Plaintiffs. Plaintiffs have suffered financial loss due to United not dealing in good faith. As a direct and proximate result of United's collective acts and conduct, Plaintiffs have been damaged in an amount in excess of $75,000.00.

## BREACH OF FIDUCIARY DUTY

58. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

59. United has a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiffs. As a result, United owes a duty of good faith and fair dealing to Plaintiffs. United breached that fiduciary duty in that:

    a.     The transaction was not fair and equitable to Plaintiffs;

    b.     United did not make reasonable use of the confidence that Plaintiffs placed upon it;

    c.     United did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiffs;

    d.     United did not place the interests of Plaintiffs before its own and United used the advantage of its position to gain a benefit for itself, at Plaintiffs' expense;

    e.     United placed itself in a position where its self-interest might conflict with its obligations as a fiduciary;

    f.     United did not fully and fairly disclose all important information to Plaintiffs concerning the sale of the policy; and/or

    g.     United is liable for Plaintiffs' damages for breach of fiduciary duty, as such damages were objectively caused by United's conduct.

EXHIBIT 1

## MISREPRESENTATION

60. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

61. Hinson is liable to Plaintiffs under the theories of intentional misrepresentation, or, in the alternative, negligent misrepresentation. Essentially, Hinson did not inform Plaintiffs of certain exclusions in the policy.

62. Misrepresentations were made by Hinson with the intention that they should be relied upon and acted upon by Plaintiffs who relied on these misrepresentations to their detriment. As a result, Plaintiffs have suffered damages, including, but not limited to, loss of the Property, loss of use of the Property, mental anguish and attorney fees. Hinson and/or United are liable for these actual, consequential and punitive damages.

63. United and Hinson are liable to Plaintiffs under the theories of intentional misrepresentation, or, in the alternative, negligent misrepresentation. Essentially, United and/or Hinson did not inform Plaintiffs of certain exclusions in the policy.

64. Misrepresentations were made by United and Hinson with the intention that they should be relied upon and acted upon by Plaintiffs who relied on the misrepresentations to their detriment. As a result, Plaintiffs have suffered damages, including, but not limited to, loss of the Property, loss of use of the Property, mental anguish and attorney fees. United and/or Hinson are liable for these actual consequential and punitive damages.

## WAIVER AND ESTOPPEL

65. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

66. United has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiffs.

EXHIBIT 1

## DAMAGES

67. United, Hinson and Ashley's acts have been the producing and/or proximate cause of damage to Plaintiffs. Plaintiffs seek an amount in excess of $75,000.00 for each cause of action.

68. United, Hinson, and Ashley have acted with malice and in bad faith and should be punished for the benefit of society and to make an example to others to deter similar conduct in an amount in excess of $75,000.00 pursuant to Oklahoma Statues 23 O.S. § 9.1.

69. United Hinson and Ashley's conduct was committed knowingly and intentionally. Accordingly, United, Hinson and Ashley are liable for additional damages under the OCPA, 15 O.S. § 761.1(c), as well as, all operative provisions of the Oklahoma Insurance Code. Plaintiffs are, thus, clearly entitled to the punitive damages allowed by the aforementioned section of the OCPA.

## ATTORNEY FEES AND COST

70. In addition, Plaintiffs are entitled to all reasonable and necessary attorney fees and costs pursuant to the Oklahoma Statutes, 12 O.S. § 936 and 15 O.S. § 761.1(c).

## CONCLUSION

71. Plaintiffs pray that judgment be entered against United, Hinson and Ashley and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Petition.

## PRAYER

**WHEREFORE**, Plaintiffs pray for a ruling by the Court finding that United breached its contractual duty to pay for the losses incurred under the policy, acted in bad faith in breach of an insurance contract, committed misrepresentation, violated Oklahoma Unfair Claims Settlement

Practices Act, Oklahoma Consumer Protection Act, and became unjustly enriched, all at the expense of Plaintiffs; award Plaintiffs actual damages in excess of $75,000.00 for each act, plus punitive damages and other damages such as mental anguish, all total greater than $75,000.00; that Hinson violated the Oklahoma Consumer Protection Act and committed misrepresentation, at the expense of Plaintiffs; award Plaintiffs actual damages in excess of $75,000.00 for each act, plus punitive damages and other damages such as mental anguish, all total greater than $75,000.00; that Ashley colluded with United by conducting a result-oriented investigation with an eye to denying coverage resulting in damages to Plaintiffs in excess of $75,000.00; Plaintiffs should be awarded reasonable attorney fees and costs of their action, plus such other and further relief as the Court may deem equitable in the circumstances.

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

                RESPECTFULLY SUBMITTED,

                *[signature]*
                BEN BAKER, OBA #21475
                109 North Second Street
                Purcell, Oklahoma 73080
                Telephone: (405) 527-8001
                Facsimile: (405) 527-1539
                *Attorney for Plaintiffs*