IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER HOBBS and ) <br> CHERI HOBBS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> Vs. ) <br> ) <br> UNITED HOME INSURANCE ) <br> COMPANY, an Arkansas corporation, ) <br> And ASHLEY & SWENSON, INC., an ) <br> Oklahoma corporation, and HINSON ) <br> INSURANCE AGENCY, INC., an ) <br> Oklahoma Corporation, ) <br> ) <br> Defendants. ) | Case No. 15-cv-00285-JHP |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW **Christopher Hobbs and Cheri Hobbs** (hereinafter "Plaintiffs") and for their causes of action herein against the Defendant(s) named above and complains of United Home Insurance Company (hereinafter "UNITED"). In support of their claims and causes of action, Plaintiffs would respectfully show the Court as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this court pursuant to 28 USC § 1332 in that Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, and pursuant to 28 USC § 1441 in that removal is proper as Plaintiff could have originally filed directly into Federal Court.

2. All actions, about which the Plaintiffs complain, occurred in the County of Seminole, State of Oklahoma, and therefore venue is proper in the United States District Court for the Eastern District of Oklahoma.

3. Plaintiffs were, at all times hereinafter mentioned, and are now residents of the State of Oklahoma.

4. Defendant, UNITED, is an Arkansas corporation and was, at all times hereinafter mentioned, and is now duly organized, existing and authorized to conduct business in the state of Oklahoma.

## BACKGROUND

5. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiffs' Property, which is located at 1341 Neighborhood Place, Seminole, Oklahoma 74868, (the "Property"). In addition to seeking economic and punitive damages from UNITED, Plaintiffs also seek compensation from UNITED for damages caused by improperly investigating the extensive losses associated with this case.

6. Plaintiffs own the Property.

7. Prior to the occurrence in question, Plaintiffs purchased a residential insurance policy from UNITED to cover the Property at issue in this case for a loss due to storm-related events.

8. Plaintiffs' Property suffered storm-related damage. Through their residential policy, number UHP-OK-40422651-00, Plaintiffs were objectively insured for the subject loss by UNITED.

9. On or around September 15, 2014, the Property suffered incredible water damage due to storm related conditions. Claim No. UH-OK-107273.

10. On or around October 10, 2014, the Property suffered incredible hail damage due to storm related conditions. Claim No. UH-OK-108111.

11. Pursuant to their obligation as policyholders, Plaintiffs made complete payment of all residential insurance premiums in a timely fashion. Moreover, their residential policy covered

Plaintiffs during the time period in question and was in full force and effect at the time of each loss.

12. Despite Plaintiffs' efforts, UNITED continually failed and refused to pay Plaintiffs in accordance with its promises under the Policy.

13. Moreover, UNITED has failed to make any reasonable attempt to settle Plaintiffs' claims in a fair or timely manner, although its liability to the Plaintiffs under the policy is without dispute.

14. In the months following, Plaintiffs provided information to UNITED, as well as, provided opportunities for UNITED to inspect the Property. However, UNITED failed to conduct a fair investigation into the damages to the Property. Moreover, UNITED failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claims, failed to timely evaluate the claims, failed to timely estimate the claims, and failed to timely and properly report and make recommendations in regard to Plaintiffs' claims.

15. Despite UNITED's improprieties, Plaintiffs continued to provide information regarding the losses and the related claims to UNITED. Further, Plaintiffs made inquiries regarding the status of the losses and payments. Regardless, UNITED failed and refused to respond to the inquiries, and failed to properly adjust the claims and the losses. As a result, to this date, Plaintiffs have not received proper payment for the claims, even though notification was provided.

16. UNITED has failed to explain the reason(s) for failing to offer adequate compensation for the damage to the Property. UNITED has furthermore failed to offer Plaintiffs adequate compensation without any explanation why full payment was not being made. UNITED did

not communicate any future settlements or payments would be forthcoming to pay the entire loss of each claim covered under the policy.

17. UNITED has further failed to affirm or deny coverage within a reasonable time. Plaintiffs also did not receive timely indication of acceptance or rejection regarding the full and entire claims in writing from UNITED in a timely manner.

18. UNITED has, to date, refused to fully compensate Plaintiffs under the terms of the policy, for which Plaintiffs timely paid, even though it was UNITED that failed to conduct a reasonable investigation. Ultimately, UNITED performed a results-oriented investigation of Plaintiffs' claims that resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses.

19. UNITED has failed to meet its obligations under the Oklahoma Unfair Claims Protection Act, 36 O.S. §1250.7, regarding timely acknowledging Plaintiffs' claims, beginning an investigation of Plaintiffs' claims, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the time period mandated by statute.

20. As a result of the above issues, Plaintiffs did not receive the coverage for which they had originally contracted with UNITED. Unfortunately, Plaintiffs have now been forced to hire an attorney in order to file the suit to recover damages arising from the above conduct, as well as, overall from UNITED's unfair refusal to pay insurance benefits.

## CLAIMS AGAINST DEFENDANT

21. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

22. UNITED has and owes a legal duty to Plaintiffs to properly adjust the structural and property damage and other insurance losses associated with the Property. UNITED breached its duty in a number of ways, including, but not limited to, the following:

      a.    UNITED is to exercise due care in adjusting and paying policy proceeds regarding Plaintiffs' Property losses;

      b.    UNITED has a duty to competently and completely handle and pay all damages associated with Plaintiffs' Property; and/or

      c.    UNITED failed to properly complete all adjusting activities associated with Plaintiffs' claims.

23. UNITED's acts, omissions, and/or breaches did great damage to Plaintiffs, and were a direct and/or proximate cause of Plaintiffs' damages.

## BREACH OF CONTRACT

24. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

25. According to the policy that Plaintiffs purchased, UNITED had the absolute duty to investigate Plaintiffs' damages, and to pay Plaintiffs' policy benefits for the claim made due to the extensive storm-related damages.

26. As a result of the storm-related events, Plaintiffs' Property suffered extreme external and/or internal damages.

27. Despite objective evidence of such damages, UNITED has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiffs benefits relating to the cost to properly repair Plaintiffs' Property, as well as, for related losses. As a result of its breach, Plaintiffs have suffered actual and consequential damages.

## BREACH OF GOOD FAITH AND FAIR DEALING

28. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

29. Plaintiffs are the insured or beneficiary of a valid claim. Plaintiffs relied upon the unauthorized, unfair and deceptive acts and practices of UNITED, to their detriment.

30. In *Christian v. American Home Assur. Co.*, 577 P.2d 899, 1977 Okla. 141 (1977), the Supreme Court of Oklahoma first held an insurer has an implied duty to deal fairly and act in good faith with its insured. *Christian's* prodigy has continued to affirm an insurer's duty; including that of UNITED to deal fairly and act in good faith with its insureds, the Plaintiffs.

31. By its intentional acts, omissions, failures and conduct, UNITED has breached its duty of good faith and fair dealing by denying Plaintiffs' claims or inadequately adjusting and making an offer on Plaintiffs' claims without any reasonable basis, by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for the denial and by failing to consider the needs of its insureds equal to its own needs.

32. UNITED has also breached its duty by unreasonably delaying payment of Plaintiffs' entire claims and by failing to settle Plaintiffs' claims, as UNITED knew, or, should have known, that it was reasonably clear that Plaintiffs' storm-related claims were covered. These acts, omissions, failures, and conduct by UNITED are a proximate cause of Plaintiffs' damages.

33. UNITED is also guilty of the following unfair insurance practices:

    a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b. Engaging in unfair claims settlement practices;

    c. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

    d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim as to which UNITED's liability had become reasonably clear;

    e. Failing to affirm or deny coverage of Plaintiffs' claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiffs;

    f. Refusing to pay Plaintiffs' claims without conducting a reasonable investigation with respect to the claims; and/or

    g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

34. UNITED's reckless disregard and violation of its duty of good faith and fair dealing is the direct cause of injury to the Plaintiffs. Plaintiffs have suffered financial loss due to UNITED not dealing in good faith. As a direct and proximate result of UNITED's collective acts and conduct, Plaintiffs have been damaged in an amount in excess of $75,000.00.

## DAMAGES

35. UNITED's acts have been the producing and/or proximate cause of damage to Plaintiffs. Plaintiffs seek an amount in excess of $75,000.00 for each cause of action.

36. UNITED has acted with malice and in bad faith and should be punished for the benefit of society and to make an example to others to deter similar conduct in an amount in excess of $75,000.00 pursuant to Oklahoma Statues 23 O.S. § 9.1.

## ATTORNEY FEES AND COST

37. In addition, Plaintiffs are entitled to all reasonable and necessary attorney fees and costs pursuant to Oklahoma Statutes, 12 O.S. § 936 and 15 O.S. § 761.1(c).

## CONCLUSION

38. Plaintiffs pray that judgment be entered against UNITED, and that Plaintiffs be awarded all of the actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Petition.

## **PRAYER**

**WHEREFORE**, Plaintiffs pray for a ruling by the Court finding that UNITED breached its contractual duty to pay for the losses incurred under the policy, acted in bad faith in breach of an insurance contract and became unjustly enriched, all at the expense of Plaintiffs.  Plaintiffs further pray, this Honorable Court award Plaintiff actual damages in excess of $75,000.00 for each act, plus punitive damages, all totaling greater than $75,000.00.  Plaintiffs should be awarded reasonable attorney fees and costs of the action, plus such other and further relief as the Court may deem equitable in the circumstances.

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

RESPECTFULLY SUBMITTED,

*/s/ Ben Baker*
BEN BAKER, OBA #21475
109 North Second Street
Purcell, Oklahoma 73080
Telephone: (405) 527-8001
Facsimile: (405) 527-1539
Email: bendbaker@gmail.com
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants and/or in accordance with the Federal Rules of Civil Procedure:

Larry D. Ottaway, OBA #6816
Michael T. Maloan, OBA #15097
Jason T. Rogers, OBA #18454
Foliart, Huff, Ottaway & Bottom
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, OK 73102
405-232-4633
405-232-3462 Fax
larryottaway@oklahomacounsel.com
michaelmaloan@oklahomacounsel.com
jasonrogers@oklahomacounsel.com
*Counsel for Defendant, United Home Insurance Company and Defendant, Ashley & Swenson, Inc.*

R. Thompson Cooper, OBA #15746
Pignator, Cooper, Kolker & Roberson, PC
Robinson Renaissance Bldg
119 N Robinson, 11th Floor
Oklahoma City, OK 73102
405-606-3333
405-606-3334 Fax
tom@pclaw.org
*Counsel for Defendant, Hinson Insurance Agency, Inc.*

                                               */s/ Ben Baker*
                                               BEN BAKER